UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>   v.<br><br>FOUR JARS OF BELUGA<br>STURGEON CAVIAR,<br>    Defendant. | MAGISTRATE JUDGE _RBC_<br><br><br>Civil Action No.<br><br>05  11040 MLW |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, in a civil action of forfeiture pursuant to Title 16, United States Code, Section 1540(e)(4)(A), alleges that:

1. This Court has jurisdiction in this matter pursuant to 16 U.S.C. §1540(c) and 28 U.S.C. §§1345 and 1355. Venue is appropriate pursuant to 28 U.S.C. §1395.

2. The property consists of four jars of Beluga Sturgeon Caviar (the "Defendant Property") seized by the United States Fish and Wildlife Service on November 15, 2004 from Stephanie Bakay, at Logan Airport, Boston, Massachusetts.

3. The in rem Defendant Property is now, and, during the pendency of this action, will be within the jurisdiction of this Court.

4. As detailed in the Affidavit of Wildlife Inspector Jennifer Irving of the United States Department of the Interior, Fish and Wildlife Service, Office of Law Enforcement, attached as Exhibit A and incorporated herein by reference, the United States

has probable cause to believe that the Defendant Property was brought into the United States illegally in violation of 16 U.S.C. §1533 and §1538(a)(1)(G), (c)(1) and (e), 50 C.F.R. §14.61, 50 C.F.R. §23.11(b), 50 C.F.R. §23.12(a)(2)(i), and is, therefore, subject to seizure and forfeiture to the United States of America pursuant to 16 U.S.C. §1540(e)(4)(A).

WHEREFORE, the United States of America prays:

1. That a Warrant and Monition, in the form submitted herewith, be issued to the Secretary of the Department of the Interior, United States Fish and Wildlife Service for the District of Massachusetts commanding him to take custody of the Defendant Property and give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

2. That judgment of forfeiture be decreed against the Defendant Property;

3. That thereafter, the Defendant Property be disposed of according to law; and

4. For costs and all other relief to which the United States may be entitled.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Jennifer H. Zacks
JENNIFER H. ZACKS
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: 5/18/05

## VERIFICATION

I, Jennifer Irving, Inspector of the United States Department of the Interior, Fish and Wildlife Service, Office of Law Enforcement, state that I have read the foregoing Verified Complaint for Forfeiture In Rem, and that the contents thereof are true to the best of my knowledge, information and belief.

/s/ Jennifer Irving
Jennifer Irving, Inspector
United States Department of the
Interior, Fish and Wildlife Service

Dated: 5/18/05

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                                          Boston

Then personally appeared before me the above-named Jennifer Irving, Inspector, United States Department of the Interior, Fish and Wildlife Service, Office of Law Enforcement, who acknowledged the foregoing to be true to the best of his knowledge, information and belief, on behalf of the United States of America.

Subscribed to and sworn to before me this 18 day of May, 2005

/s/ Kay-Beth Whitten
Notary Public
My Commission expires: 5/15/09

3

KAY-BETH WHITTEN
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 15, 2009

**Exhibit A**

**AFFIDAVIT OF JENNIFER IRVING**

I, Jennifer Irving, hereby depose and state the following:

1. I am a Wildlife Inspector with the United States Fish and Wildlife Service, Office of Law Enforcement, which is part of the United States Department of the Interior. I am presently assigned to the Chelsea, Massachusetts office and have been employed in this capacity since August 2003. I was assigned to the Atlanta, GA office as an Evidence Custodian from November 2001 until August 2003. I am a graduate of the Federal Law Enforcement Training Center, Brunswick, Georgia, where I have received training and experience in wildlife law enforcement. As a Wildlife Inspector, I enforce a wide range of U.S. and international laws, regulations and treaties regarding the protection and commercialization of wildlife, their parts and products. Wildlife Inspectors monitor all imports and exports to ensure compliance with those laws and intercept illegal shipments. I have cleared hundreds of legal shipments of wildlife as a Wildlife Inspector. I have also handled over 80 cases involving violations of wildlife law on my own and assisted with hundreds more (legal and otherwise) as both an Evidence Custodian and a Wildlife Inspector.

2. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. §2510(7), and am empowered by law to conduct investigations and to make seizures for offenses enumerated in 16 U.S.C. §1540(e)(3).

3. I submit this affidavit in support of a Verified Complaint for Forfeiture In Rem against the Four Jars of Beluga Sturgeon Caviar (the "Defendant Property") seized on November 15, 2004.

4. This affidavit is based upon my personal knowledge, and information provided to me by United States Customs and Border Protection ("CBP") at Terminal E, Logan Airport, Boston, MA and other law enforcement officers and reports. This affidavit does not contain every detail I and other law enforcement personnel have learned during the course of this investigation, but sets forth the following information as probable cause to believe that the Defendant Property is subject to forfeiture to the United States pursuant to 16 U.S.C. §1540(e)(4)(A), as the Defendant Property was brought into the United States illegally in violation of the threatened species provisions of the Endangered Species Act, 16 U.S.C. §1533 and §1538(a)(1)(G),(c)(1) and(e) (Prohibited Acts), 50 C.F.R. §14.61 (Import declaration requirements), 50 C.F.R.§ 17.31(d) (Threatened Wildlife Prohibitions), and the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES), incorporated into 50 C.F.R. Part 23, §23.11(b) (Prohibitions) and 50 C.F.R. §23.12(a)(2)(i) (Requirements).

## INVESTIGATION

5. On November 15, 2004, I was notified by CBP at Terminal E Logan Airport that several members of a tour group arriving on

2

Lufthansa flight 422 were attempting to import beluga sturgeon caviar into the United States.

6.  I arrived at Terminal E and found that one member of the tour group, Stephanie Bakay ("Bakay"), was carrying four jars of beluga sturgeon caviar. Each jar contained 113 grams of beluga sturgeon caviar, for a total of 452 grams. Although Bakay could not provide a receipt for the beluga sturgeon caviar, she claimed to have purchased the four jars from a store called Beluga Deluxe while on her trip to Russia. Bakay did not have a foreign export permit, as required under 50 C.F.R. section 23.12 (implementing Convention on International Trade in Endangered Species (CITES), 16 USC §1538(c), nor the Declaration of Importation or Exportation of Fish and Wildlife, as required under 50 C.F.R. §14.61 and 16 U.S.C. §1538(e), to bring the beluga sturgeon caviar into the United States.

7.  I informed Bakay that the four jars of beluga sturgeon caviar could not be brought into the United States without the CITES permit or Declaration of Fish and Wildlife. I seized the four jars of beluga sturgeon caviar and issued a property receipt.

8.  It is unlawful to import beluga sturgeon caviar into the United States without a valid export permit -- a so-called CITES permit -- from the country of origin. CITES is a multilateral treaty to which both the United States and Russia are parties and is designed to protect "certain species of wild fauna and flora

against over-exploitation through international trade" CITES Secretariat, (05/15/05), http://www.cites.org/eng/disc/what.shtml. CITES establishes a regulatory system that monitors the trade of certain wildlife passing from one member country to another. Protected wildlife are listed in one of three appendices, according to the level of protection required. Species in Appendix II can be traded only with an export permit from the country of origin. A CITES permit may be issued by the country of origin only upon a determination by that country's designated authority that the issuance of that particular CITES permit does not contravene that country's wildlife protection laws. See CITES Article VI(2)(b) (a valid export permit requires a determination by the management authority of the exporting state "that the specimen was not obtained in contravention of the laws of that State for the protection of flora and fauna" CITES Resolution 12.3; see also 16 U.S.C. §1538(c)(1).

9. Because CITES is not self-executing, Congress implemented CITES through the Endangered Species Act of 1973, see 16 U.S.C. §1538(c), and delegated to the Fish and Wildlife Service the power to enforce the provisions of CITES. See 16 U.S.C. §§1537a, 1540(f). Pursuant to this congressional directive, the Fish and Wildlife Service has promulgated regulations incorporating the specific terms of CITES. See 50 C.F.R., pt. 23.

10. In December 1996, the Fish and Wildlife Service announced

that the United States intended to co-sponsor a proposal by Germany to amend Appendix II of CITES to include all species of sturgeon not already protected by CITES. See 61 Fed.Reg.67293, 67294 (1996). The proposal was approved by the members of CITES, and the listing became effective on April 1, 1998. The Fish and Wildlife Service subsequently amended its regulations to reflect the listing. See 63 Fed.Reg. 63210, 63211 (1998) (amending 50 C.F.R. §23.23). This regulation provides "in order to import into the United States any wildlife. . .listed in Appendix II from any foreign country, a valid foreign export permit issued by the country of origin . . . must be obtained prior to such importation." 50 C.F.R. §23.12(a)(2). After April 1, 1998, therefore, it was unlawful for any person to import beluga sturgeon caviar into the United States without first obtaining a CITES permit from the country of origin. See 50 C.F.R. §23.12(a)(2)(i).[1] The forfeiture provision in 16 U.S.C. §1540(e)(4)(A) states that any fish or wildlife exported or imported contrary to the

---

[1] As noted in text, since 1998, a CITES permit has been required for the importation of beluga sturgeon caviar. In April 2004, the Fish and Wildlife Service proposed a rule under which importation of beluga sturgeon caviar would have been permitted either with a CITES permit or with a "threatened species" permit as long as compliance with CITES was followed. 69 Fed. Reg. 21425. However, shortly before the seizure in this case, on October 21, 2004, the Fish and Wildlife Service issued a special rule that allowed for the lawful importation of beluga sturgeon caviar so long as the shipment complied with CITES and a "threatened species" permit would not be needed. 69 Fed. Reg. 62415. Bakay had neither a CITES permit nor a "threatened species" permit.

provisions of the Endangered Species Act, incorporated into CITES, any regulation made thereto, or any permit or certificate issued hereunder shall be subject to forfeiture to the United States.

11.  CITES does contain a de minimis personal use exception to the requirement of a permit, which, at the time of the shipment the United States followed as a matter of policy.[2]  Under the personal use exception noted in CITES Resolution 13.7, and Article VII paragraph 3, a person may import up to 250 grams of beluga sturgeon caviar without obtaining a CITES permit.  However, this exemption was inapplicable in this case, since the total amount of beluga sturgeon caviar Bakay had was 452 grams.  Therefore, the entire quantity required a CITES permit for importation.

12. Under 50 C.F.R. §14.61 and 16 U.S.C. §1538(e), a Declaration of Importation or Exportation of Fish of Wildlife ("Declaration"), Form 3-177, was also required to import beluga sturgeon caviar into the United States.  The Declaration requirement has been in effect since 1973 when the Endangered Species Act became law and is required for all threatened or

---

[2]Subsequently, in 2005, the Fish and Wildlife Service codified this policy in 70 Fed. Reg. 10493, which provides:

> You must obtain a CITES document for personal or household effects and meet the requirements of this part if one of the following applies:... (3)the personal or household effect exceeds 250 grams of beluga sturgeon caviar.  To import, export, or re-export more than 250 grams, you must have a valid CITES document for the entire amount." (Emphasis added.)

endangered species, including fishery products, coming into the United States. Importers or their agents must furnish all applicable information requested on Form 3-177, such as name and address of importer/exporter, CITES permit number and what the importer/exporter is carrying, and must certify that the information is true and accurate. If a Declaration is not made as required under 50 C.F.R. §14.61, any fish or wildlife is subject to forfeiture under 16 U.S.C. §1540(e)(4)(A). Bakay had neither the CITES permit nor the Declaration for importing the beluga sturgeon caviar, and therefore, the entire 452 grams is subject to forfeiture.

## **CONCLUSION**

13. Based on the foregoing, I have probable cause to believe that the Defendant Property was brought into the United States illegally in violation of 16 U.S.C. §1533 and §1538(a)(1)(G), (c)(1) and (e), 50 C.F.R. §14.61, 50 C.F.R. §17.31(d), 50 C.F.R. §23.11(b), and 50 C.F.R. §23.12(a)(2)(i). I therefore have probable cause to believe that the Defendant Property is subject to forfeiture to the United States pursuant to 16 U.S.C. §1540(e)(4)(A).

Signed under the pains and penalties of perjury this 18th day of May, 2005.

_____
Jennifer Irving, Inspector
United States Department of the Interior, Fish and Wildlife Service

7



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Telephone: (617) 748-3100*

*Jennifer H. Zacks, Assistant U.S. Attorney*

*John Joseph Moakley United States Courthouse*
*Asset Forfeiture Unit*
*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

May 18, 2005

Clerk's Office
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

    Re:   <u>United States v. Four Jars of Beluga Sturgeon Caviar</u>

Dear Sir/Madam:

    Enclosed for filing please find the following in connection with the above referenced matter:

1. Motion to Impound;
2. Verified Complaint for Forfeiture <u>In Rem</u>;
3. Proposed Warrant and Monition; and
4. Civil Action Cover Sheet and filing papers for the Court.

    Thank you for your attention in this regard.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

               By:     /s/ Jennifer H. Zacks
                              Jennifer H. Zacks
                              Assistant U.S. Attorney

JHZ:jmd
Enclosures

cc: M. Sullivan, U.S. Attorney, District of Massachusetts

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

United States of America

**DEFENDANTS**

Four Jars of Beluga Sturgeon Caviar

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jennifer H. Zacks, AUSA
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210   (617) 748-3100

ATTORNEYS (IF KNOWN)

05 11040 MLW

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

The United States is seeking forfeiture of Four Jars of Beluga Sturgeon Caviar in violation of 16 U.S.C. §1533 and §1538(a)(1)(G), (c)(1) and (e), 50 C.F.R. §14.61, 50 C.F.R §23.11(b), 50 C.F.R. §23.12(a)(2)(i).

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   CHECK YES only if demanded in complaint:   **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: May 18, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) United States of America v. Four Jars of Beluga Sturgeon Caviar

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    __  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    __  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    __  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    X   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    __  V.    150, 152, 153.

**05 11040 MLW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                         YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                         YES ☐    NO ☒
   If so, is the u.s.a. or an officer, agent or employee of the u.s. a party?
                                                         YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 usc §2284?
                                                         YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the commonwealth of massachusetts ("governmental agencies"), residing in massachusetts reside in the same division? - (See local rule 40.1(d)).
                                                         YES ☒    NO ☐    N/A

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☒        Central Division ☐        Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                         YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Jennifer H. Zacks, ASUA
ADDRESS  U.S. Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210
TELEPHONE NO.  617-748-3100

(Cover sheet local.wpd - 09/12/02)