UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>FOUR JARS OF BELUGA STURGEON CAVIAR,<br><br>　　　　　Defendant,<br><br>─────────────<br><br>STEPHANIE BAKAY,<br><br>　　　　　Claimant. | **Civil Action No. 05-11040-RBC** |

## UNITED STATES' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(a) and (d), the United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves for summary judgment in the above-captioned matter. As set forth more fully in the accompanying Memorandum of Law, there is no genuine issue of material fact as to the forfeiture of the *in rem* defendant in this case, four jars of beluga sturgeon caviar, totaling 452 grams, seized by the United States Fish and Wildlife Service (FWS) on November 15, 2004 from Stephanie Bakay, (the "Defendant Property").

The United States has met its burden of establishing by a preponderance of the evidence that the Defendant Property was brought into the United States illegally in violation of the Endangered Species Act (ESA), 16 U.S.C. §1531, *et seq.*, and its implementing regulations, specifically, the Convention on International Trade in Endangered Species (CITES), as

incorporated by 50 C.F.R. §23.12(a)(2)(i).[1]  Accordingly, the Defendant Property is subject to forfeiture to the United States pursuant to 16 U.S.C. §1540(e)(4)(A), since it is undisputed that the Defendant Property consisted of "fish or wildlife . . . imported . . . contrary to the provisions of [the ESA or] any regulation made pursuant thereto."  16 U.S.C. §1540(e)(4)(A).  The United States, therefore, is entitled to judgment as a matter of law.

WHEREFORE, the United States respectfully requests that the Court grant summary judgment in favor of the United States.

>                                    Respectfully submitted,
>
>                                    MICHAEL J. SULLIVAN
>                                    United States Attorney
>
> By:     /s/ Anton P. Giedt      3/27/2006
>                                    ANTON P. GIEDT
>                                    Assistant U.S. Attorney
>                                    United States Courthouse
>                                    One Courthouse Way
>                                    Suite 9200
>                                    Boston, Massachusetts 02210
>                                    617-748-3309 (Voice)
>                                    671-748-3967 (Fax)

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

Undersigned counsel certifies that pursuant to the requirements under Local Rule 7.1(A)(2), that the government has attempted to confer with the *pro se* claimant in an effort to resolve the issues presented in this motion.

/s/ Anton P. Giedt 3/27/06
Anton P. Giedt
Assistant U.S. Attorney

---

[1]  While the United States listed a number of other violations justifying forfeiture in its original civil forfeiture complaint, all of these violations would have been cured had Bakay complied with CITES.

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                                                                           Boston, Massachusetts
                                                                                                       DATE:  March 27, 2006

   I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the *pro se* claimant by first class mail.

                                                                       /s/ Anton P. Giedt
                                                                        Anton P. Giedt
                                                                       Assistant U.S. Attorney